IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ORIGINAL**
FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 28 2007

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

BRENDA EDWARDS,

    Plaintiff,

v.

NIAGARA CREDIT SOLUTIONS, INC.,
a New York corporation,

    Defendant.

CIVIL ACTION FILE
NO. 1 07-CV-2396

BBM

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. section 1692k(d) and 28 U.S.C. section 1337 (federal question jurisdiction).

-1-

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division who is authorized by law to bring this action.

4. Defendant NIAGARA CREDIT SOLUTIONS, INC. is a corporation organized under the laws of the State of New York. [Hereinafter said Defendant is referred to as "NIAGARA."]

5. NIAGARA is subject to the jurisdiction and venue of this Court.

6. NIAGARA may be served by personal service upon it's registered agent and/or officer, to wit: Niagara Credit Solutions, Inc., 525 Delaware Avenue, Buffalo, New York, 14202.

7. Alternatively, Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of the States of New York or Georgia.

8. Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS COMMON TO ALL CAUSES

9. NIAGARA uses mail in its business.

10. NIAGARA uses telephone communications in its business.

11. The primary purpose of NIAGARA's business is the collection of debts.

12. NIAGARA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant NIAGARA is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

14. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, Defendant communicated with Plaintiff in a fashion that violates the Fair Debt Collection Practices Act.

15. In or around September of 2007, NIAGARA, via its collection agents left at least two (2) voice messages on the Plaintiff's answering machine.

16. Each of the messages referenced in the above paragraph failed to state that the message was from a debt collector.

17. Each of the messages failed to state that it was an attempt to collect a debt.

18. Each of the messages failed to state that any information obtained would be used for the purpose of collecting a debt.

19. Each of the messages failed to disclose the caller's identity as being NIAGARA.

20. Each of the messages failed to furnish any meaningful identification of the caller.

21. Defendant, by and through its collection agent employees, has left prior similar messages that also failed to make the necessary disclosures as required by law.

22. In communicating with Plaintiff, NIAGARA violated the Fair Debt Collection Practices Act.

23. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

24. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

25. Defendant's violations of the FDCPA include, but are not limited to, the following:

26. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. section 1692d(6);

27. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. section 1692e; and

28. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. section 1692e(11).

29. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee;

c) That the Court declare all defenses raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

THE LAW OFFICE OF JAMES M. FEAGLE, P.C.

by: _____
(James M. Feagle
Attorney for Plaintiff
Georgia Bar No. 256916

108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970