**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| BRENDA EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: |
| | ) | 1:07-CV-2396-BBM-CCH |
| NIAGARA CREDIT SOLUTIONS, | ) | |
| INC., a New York Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

<u>DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S
RECOMMENDATIONS ENTERED OCTOBER 21, 2008, CONCERNING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

COMES NOW Defendant Niagara Credit Solutions, Inc. and files the following Objections to the Magistrate Judge's Recommendations entered October 21, 2008, showing the Court as follows.

<u>**OVERVIEW**</u>

Niagara Credit Solutions, Inc. ("Niagara") is a professional debt collection agency. Plaintiff is indebted to a client of Niagara. Niagara sent letters and placed live phone calls to Plaintiff which complied in all respects with the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff contends, however, that two *answering machine messages* harassed her by asking her to return the phone calls. Those two answering machine messages form the sole basis of this lawsuit, which

alleges a violation of the FDCPA.  The messages were not offensive in any manner – they only asked for a return phone call – and do not violate the FDCPA's prohibition on harassing communications.  Independently, and at the heart of this dispute, Niagara maintains and enforces procedures to prevent violations of the FDCPA, which entitle it to a complete defense based on the "bona fide error" exception to any alleged violation of the FDCPA.

## PROCEDURAL POSTURE

Plaintiff's Complaint alleged violations of two provisions of the FDCPA, namely under 15 U.S.C. §§ 1692d(6) and 1692e(11).  The Plaintiff filed a motion for summary judgment on those claims.  Niagara responded opposing the motion and raising several defenses, including the bona fide error defense, and submitted a highly detailed Sworn Verification in opposition to the motion.  The Court referred the motion to a Magistrate Judge, who entered recommended findings of facts and conclusions of law on October 21, 2008.  These objections are timely made within ten days of the Magistrate Judge's recommendations, pursuant to Federal Rule of Civil Procedure 72(b), and excluding weekends from the response period as calculated pursuant to Local Rule 6.1(A).

## SUMMARY OF FACTS

Niagara stated the facts in great detail in its brief in opposition to Plaintiff's motion for summary judgment, the Sworn Declaration submitted in support of its brief, and its separate statement of additional material facts.  Niagara incorporates those facts by reference as if set out fully in this Objection.  Some specific facts will be referenced where appropriate to Niagara's following argument.

## OBJECTIONS WITH ARGUMENT AND CITATION OF AUTHORITY

### I.   De Novo Review of Magistrate Judge's Recommendations.

This Court considers the merits of a motion for summary judgment on a *de novo* basis when a magistrate judge's recommendations have been objected to by a party.  Fed. R. Civ. P. 7(b) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").  Niagara objects to the magistrate judge's recommendations, for the following specific reasons, and requests a *de novo* determination of its opposition to Plaintiff's motion for summary judgment.  The following objections do not simply repeat Niagara's previously made arguments, but rather respond to the magistrate judge's recommendations.

**II.     Niagara Objects to the Magistrate Judge's Recommendation that the "Bona Fide Error" Defense Does Not Apply.**

The Magistrate Judge recommended that the Court rule the "bona fide error" defense cannot apply, as a matter of law, to intentional conduct or to a misinterpretation of legal duties.  Magistrate Recommendation at pp. 18-22; *see* p. 22 ("Such a 'mistake' of law is not the type of 'bona fide error' that excuses a violation of the FDCPA.  Defendant cannot invoke the 'bona fide error' defense without showing that the error was unintentional.").   Those conclusions are inaccurate, and Niagara objects to that recommendation, for the following reasons.

**A.     The bona fide error defense applies to intentional conduct.**

The Magistrate Judge's recommendation states that an intentional act cannot be a bona fide error.  (Magistrate Report at pp. 18-22).  That conclusion is not called for, or supported, by the actual language of the statute.  The FDCPA provides that a debt collector is not liable if "the <u>violation</u> was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."   15 U.S.C. § 1692k(c) (emphasis supplied).  The Magistrate Judge has conflated two concepts into one – namely the difference between an unintentional act and an unintentional violation.  The statute only requires that the "violation was not intentional," not that the act of the debt

4

collector was not intentional.  Indeed, almost every act taken by a debt collector is intentional.  For that reason, the Magistrate Judge's interpretation would eviscerate the statutory defense.

The legislative history to the FDCPA makes this distinction clear.  "As to what makes a violation intentional, whether it is simply the intent to act or whether it is the specific intent to violate the Act, the court has not found a controlling Tenth Circuit decision, and the case law from other leading jurisdictions is somewhat unsettled. In *Johnson,* the Tenth Circuit quoted and relied upon the following excerpt on the bona fide error defense taken from the Senate Report: "'A debt collector has no liability, however, if he violates the act *in any manner, including with regard to the act's coverage,* when such violation is unintentional and occurred despite procedures designed to avoid such violations.' S.Rep. No. 95-382, at 5." 305 F.3d at 1123. This quote is certainly more consistent with a specific intent to violate the Act."  *Caputo v. Professional Recovery Services, Inc.*, 261 F.Supp.2d 1249, 1255 (D. Kan. 2003).  In sum, the legislative intent was to provide a defense when the violation was unintentional, even when there was a bona fide error in determining what the FDCPA required.

Based on both the express statutory language, and the legislative history, courts have concluded that a debt collector "may avail itself of the bona fide error

defense because it had no intent to violate the FDCPA, although its actions were deliberate." *Caputo v. Professional Recovery Services, Inc.*, 261 F.Supp.2d 1249, 1256-1257 (D. Kan. 2003). *Accord Lee v. Javitch, Block & Rathbone, LLP*, 522 F.Supp.2d 945, 955 (S.D. Ohio 2007) ("Plaintiff argues this defense is unavailable because Javitch "intended" to sign the affidavit. The statutory defense applies to unintentional violations of the FDCPA; even "intentional" conduct can be an unintentional statutory violation, as the Sixth Circuit specifically held in *Lewis,* 135 F.3d at 401-402."); *and Zaborac v. Mutual Hosp. Service, Inc.*, 2004 WL 2538643 at *3 (S.D. Ind. 2004) (holding purposeful communication with debtor can qualify for bona fide error defense).

Because there is a difference between an intentional violation and intentional conduct, as shown in the express wording of the statute and as recognized by the United States Senate when enacting the FDCPA and also by numerous courts, the Court should reject the Magistrate Judge's recommendation that the "bona fide error" defense cannot apply as a matter of law to intentional conduct.

### B.    The bona fide error defense applies to misinterpretations of what the law requires.

The Magistrate Judge concluded that Niagara had no bona fide error defense if it misinterpreted what the FDCPA required, although Niagara's evidentiary

submissions show it acted in good faith to comply with the FDCPA. Some courts have held that a misinterpretation of the law is not a "bona fide error"; however, that position is untenable and most courts now reject it and consider a good faith misinterpretation of the law to constitute a bona fide error.

At least two Circuit Courts of Appeal have stated that a misinterpretation of the legal requirements of the FDCPA is not a "bona fide error." Niagara will briefly address each decision because most other decisions concerning that issue either rely on or distinguish those two Circuit Court cases. The first decision in this line of cases was *Baker v. G. C. Services Corp.*, 677 F.2d 775, 780 (9th Cir. 1982). In *Baker*, the Ninth Circuit analogized the FDCPA to the Truth in Lending Act and stated "Section 1692k(c) of the [Fair Debt Collection Practices] Act is nearly identical to the bona fide error defense section under the Truth in Lending Act (TILA). It has been uniformly held that unintentional 'clerical errors ... are the only violations this section (of the TILA) was designed to excuse.'" *Id.* (citation omitted). Based on that limited analogy to the TILA, the *Baker* decision refused to consider a misinterpretation of the law as a bona fide error under the FDCPA. *Id.*

Almost every court to consider this analogy since that time has rejected it, including the Seventh Circuit Court of Appeals and the Tenth Circuit Court of

Appeals.   The basis for rejecting the superficial analysis contained in *Baker* was explained by the Seventh Circuit as follows:

> There is a split of authority among the circuits as to
> whether the bona fide error defense applies to mistakes of
> law. The majority view is that the defense is only
> available for clerical and factual errors. *See, e.g., Picht v.*
> *Jon R. Hawks, Ltd.,* 236 F.3d 446, 451-52 (8th Cir.2001);
> *Pipiles v. Credit Bureau of Lockport, Inc.,* 886 F.2d 22,
> 27 (2nd Cir.1989); *Baker v. G.C. Servs. Corp.,* 677 F.2d
> 775, 779 (9th Cir.1982); *see also Johnson v. Riddle,* 305
> F.3d 1107, 1121-22 n. 14 (10th Cir.2002) (collecting
> cases). The Ninth Circuit's opinion in *Baker,* the first
> appellate precedent on this point, looked principally to
> the cases that had uniformly construed the Truth-in-
> Lending Act's ("TILA") bona fide error provision, 15
> U.S.C. § 1640(c), not to immunize legal errors. 677 F.2d
> at 779. The TILA provision, however, expressly states
> that "an error of legal judgment with respect to a person's
> obligations under this subchapter is *not* a bona fide *\*641*

error." § 1640(c) (emphasis supplied). It also includes an illustrative list of errors that would constitute bona fide errors, including "clerical, calculation, computer malfunction and programming, and printing errors." *Id.* By contrast, the FDCPA's provision does not expressly remove legal mistakes from the realm of errors that can be considered bona fide, nor does it in any other way illustrate what types of mistakes can or cannot be deemed bona fide. Noting the distinction between the two statutory provisions, "a growing minority" of courts, *Johnson,* 305 F.3d at 631, including the Tenth Circuit, have concluded that mistakes of law can be considered bona fide errors under section 1692k(c). *id.* at 631-32 & n. 14 (so holding and collecting cases). Our own opinion in *Jenkins v. Heintz,* 124 F.3d 824, 832 n. 7 (7th Cir.1997), *cert. denied,* 523 U.S. 1022, 118 S.Ct. 1304, 140 L.Ed.2d 469 (1998), likewise notes that nothing in the language of the FDCPA bona fide error provision

> limits the reach of the defense to clerical errors and other
>
> mistakes not involving the exercise of legal judgment.

*Nielsen v. Dickerson*, 307 F.3d 623, 640-641 (7th Cir. 2002).  On that basis, the

Seventh Circuit held that a good faith misinterpretation of the FDCPA's

requirements is a bona fide error for which a debt collector is entitled to statutory

protection.

Likewise, the Tenth Circuit Court of Appeals concluded that nearly all of

the court decisions contrary to Niagara's position rest on the flawed premise

explained above.  "Of the cases which hold that the defense does not apply to

mistakes of law, <u>almost all</u> dispense with the issue by citing earlier cases back to

the Ninth Circuit's decision in *Baker v. G.C. Servs. Corp.,* 677 F.2d 775, 779 (9th

Cir.1982).  *Baker* rested its holding <u>entirely</u> upon the similarity of the FDCPA

bona fide error defense to the 'nearly identical' bona fide error defense provided in

the Truth in Lending Act (TILA), 15 U.S.C. § 1640, a provision uniformly

interpreted to apply only to clerical errors and not to legal errors. *Baker,* 677 F.2d

at 779."  *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002) (emphasis

supplied).   For that reason, the Tenth Circuit rejected the *Baker* decision and held

that a misinterpretation of the FDCPA can be a bona fide error.  Under the Tenth

Circuit's analysis, the Ninth Circuit's superficial analysis in *Baker* is unavailing, and for that reason it has not been followed by most of the more recent decisions.

The other decision frequently cited in support of Plaintiff's position was issued by the Eighth Circuit Court of Appeals in *Picht v. John R. Hawks, Ltd.*, 236 F.3d 446 (8th Cir. 2001), which stated that a mistake in interpreting the law is not a *bona fide* error.  As an initial matter, the *Picht* discussion of that issue was entirely dicta.  *Id.* ("In its answer to the Pichts' complaint, Hawks pleaded bona fide error under 15 U.S.C. § 1692k(c) as an affirmative defense. Hawks did not, however, press this defense in its response to the Pichts' motion for partial summary judgment or in its memorandum in support of its own motion for summary judgment. Furthermore, Hawks later stipulated to liability for $1000 in statutory damages under the FDCPA and for reasonable attorney fees and costs incurred by the plaintiffs in bringing the FDCPA action. Nowhere in the stipulation did Hawks assert the possible application of the bona fide error defense. Thus, we find that Hawks has waived this affirmative defense.").

Beyond being dicta, the Eighth Circuit's decision in *Picht* relied on the flawed *Baker* analogy already explained above.

> The Eighth Circuit has held that the bona fide error
>
> defense is not available for mistakes of law. *Picht v. Jon*

*R. Hawks, Ltd.,* 236 F.3d 446, 451-52 (8th Cir.2001),

*citing Hulshier v. Global Credit Servs., Inc.,* 728 F.2d

1037, 1038 (8th Cir.1984).  However, the Eighth Circuit

has not elaborated on its reasoning for excluding

mistakes of law from the bona fide error defense, other

than to say that it accepts the Ninth Circuit analysis. *See*

*Baker v. G.C. Servs. Corp.,* 677 F.2d 775, 779-80 (9th

Cir.1982).  In *Baker,* the Ninth Circuit removed mistakes

of law from the FDCPA bona fide error defense by

analogizing it to the bona fide error defense in the Truth

In Lending Act ("TILA"). *Id.* at 779.  The court noted

that "it has been uniformly held that unintentional

'clerical errors ... are the only violations this section (of

the TILA) was designed to excuse." ' *Id.*

*Cohen v. Beachside Two-I Homeowners' Ass'n*, 2005 WL 3088361 at *4 (D. Minn.

2005).  Because the analogy between the TILA defense and the FDCPA defense is

without merit, as explained above, the Eight Circuit's dicta in *Picht* is not

persuasive for the reasons given by the Seventh Circuit in *Nielsen v. Dickerson,*

*supra.*, and by the Tenth Circuit in *Johnson v. Riddle, supra.  Accord Aronson v.*

*Commercial Financial Services, Inc.*, 1997 WL 1038818 at * 5 (W.D. Pa. 1997) ("We decline to follow the decisions of courts which restrict the bona fide error provision in the FDCPA to 'clerical errors.'  This line of cases draws parallels between the FDCPA and 15 U.S.C. § 1640(c), the Truth in Lending Act ("TILA"), which both contain bona fide error exceptions. However, the bona fide error provision in the TILA, unlike the FDCPA, specifically covers clerical errors and does not excuse 'an error of legal judgment.' *Id.* We must rely upon the plain language of the statute and, therefore, will not read the TILA's additional and restrictive terms into the FDCPA.") (citations omitted).

Less than three (3) months ago, the Sixth Circuit Court of Appeals also issued a holding on this exact issue in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 2008 WL 3823056 (6th Cir. 2008).  In the *Jerman* decision, the Sixth Circuit exhaustively looked at the cases on both sides of the bona fide error argument and held that the FDCPA applies to mistakes of law, in addition to procedural or clerical errors.  *Id.*

When determining which line of cases to follow, Niagara respectfully submits that the cases rejecting the bona fide error defense in the context of misinterpretations of the FDCPA by a debt collector are poorly reasoned.  The cases contrary to Niagara's position do not give meaning to the express terms of

the statutory defense and rest solely on a flawed analogy of the FDCPA to the Truth in Lending Act (the "TILA").  The TILA, however, expressly excludes errors in legal interpretation from the defenses available to TILA defendants, whereas the FDCPA does not have such an express exclusion.  The analysis of the Seventh Circuit Court of Appeals, the Tenth Circuit Court of Appeals, and now the Sixth Circuit Court of Appeals is the latest statement of the law on this point at the Circuit Court level, and supports Niagara's position.

In addition to the two most recent Circuit Court of Appeals' rulings, the latest rulings by numerous District Courts support Niagara's position -- this year alone, at least six (6) District Courts have held that the bona fide error defense applies to mistakes concerning the law and not merely clerical mistakes.  *See Richburg v. Palisades Collection LLC*, 247 F.R.D. 457, 467 (E.D. Pa. 2008) ("We can see no reason to import language from a different, albeit related, statute to further constrict an already narrow defense…[We] find mistakes of law can satisfy the FDCPA's bona fide error defense."); *FIA Card Services, N.A. v. Gachiengu*, 571 F. Supp. 2d 799 (S.D. Tex. 2008) (assuming that Texas Debt Collection Act (TDCA) was applicable despite arbitration agreement's choice of Delaware law, credit card issuer's conduct in bringing time-barred action to confirm arbitration award against credit card holder, for unpaid credit card debt, was a bona fide error,

for purposes of TDCA provision stating that a person does not violate the TDCA if the act complained of resulted from a bona fide error that occurred notwithstanding the use of reasonable procedures adopted to avoid the error; issuer did not knowingly file a time-barred suit, although that was a mistake of law); *Rice v. Great Seneca Financial Corp.*, 556 F. Supp. 2d 792 (S.D. Ohio 2008) (the bona fide error defense to FDCPA liability applies to mistakes of law as well as to clerical errors); *Miller v. Javitch, Block & Rathbone*, 534 F. Supp. 2d 772 (S.D. Ohio 2008) (for a bona fide error defense to be successful, a debt collector must only show that the violation was unintentional, not that the communication itself was unintentional; this principal is applicable to mistakes of law as well as clerical errors); *Carvana v. MFG Financial, Inc*, 547 F. Supp. 2d 1219 (D. Utah 2008) (judgment creditor's assignee failed to establish its lack of specific intent to violate the FDCPA, as required to invoke protections of the bona fide error defense, where it did not show that it actually implemented rules and procedures it allegedly adapted to avoid violation of the FDCPA, as opposed to Niagara's showing); *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268 (M.D. Fla. 2008) (bona fide error defense to FDCPA action applies to mistakes of law, as well as to clerical mistakes).

The Magistrate Judge also seemingly rejected Niagara's bona fide error defense on the basis that Niagara could have adopted a different policy, such as not leaving any answering machine messages and only using letter communications. Magistrate Recommendation at pp. 20-21 (citing *Leyese v. Coorporate Collection Serv.*, 2006 WL 2708451 at *5 (S.D. N.Y. Sept. 18, 2006)). The suggestion that a different policy could have been adopted does not preclude a finding that the policy adopted by Niagara was implemented in good faith to prevent a violation of the FDCPA. Furthermore, the quoted language from that decision does not address the bona fide error defense, which is a complete defense even if a violation occurred.

Where extensive systems to prevent error, such as those maintained by Niagara, are in place an unintentional violation of the FDCPA will not result in liability. *See Beattie v. D.M. Collections*, 754 F.Supp. 383, 389-90 (D. Del. 1991). Defendant's programs and policies clearly evidence that any violation of the FDCPA was unintentional, even if the conduct was intentional.

The Court must determine if Niagara is entitled to the "bona fide error" defense even if the Court adopts the Magistrate Judge's recommendation that Niagara violated the FDCPA by not disclosing that its answering machine message was from a debt collector for the purpose of collecting a debt. The Magistrate

Judge rejected the bona fide error defense on the basis that Niagara's conduct was intentional and premised on an erroneous reading of the law.  As the foregoing argument shows, the Magistrate Judge's position has been rejected by numerous courts (i) as an unduly restrictive reading of the express statutory language of the FDCPA, (ii) as an inappropriate extrapolation from a different statute with different language than the FDCPA, and (iii) as contrary to the legislative intent expressed by Congress to permit application of the defense to intentional conduct that is not an intentional violation of the FDCPA.  For those reasons, the Court should not adopt the Magistrate Judge's recommendation concerning the applicability of the bona fide error defense and should not enter summary judgment in favor of the Plaintiff.

>    **C.     A genuine issue of material fact exists concerning Niagara's conduct establishing the bona fide error defense.**

Niagara submitted detailed testimony in a Sworn Declaration and numerous exhibits establishing that is had researched what the FDCPA required regarding answering machine messages and that it adopted and enforced a policy to avoid violating the FDCPA in regard to answering machine messages.  *See e.g.*, Declaration of John Janocsko at ¶¶ 3-24 (Defendant consulted legal resources concerning the FDCPA's requirements for answering machine messages and

adopted its answering machine policy to avoid possible third-party disclosures that would potentially violate the FDCPA).

Niagara's Declaration testimony establishes that (1) any violation of the FDCPA was unintentional, even if the conduct was intentional pursuant to its answering machine message policy; (2) any violation was a result of a bona fide error, as Niagara attempted to determine in good faith what the FDCPA required regarding answering machine messages, even if its interpretation of the law was ultimately wrong; and (3) Niagara maintained procedures reasonably adapted to avoid any such error by adopting and implementing its answering machine message policy. Declaration of John Janocsko at ¶¶ 3-24.

The Magistrate Judge did not discuss the voluminous evidence of Niagara's policies and procedures, and its good faith adoption and implementation of them, other than to note that Niagara acted intentionally since it had an answering machine policy and enforced it.  Magistrate Recommendation at pp. 18-22. Niagara has already explained, above, that even intentional conduct and legal mistakes in interpreting the FDCPA qualify for the bona fide error defense.  The key point insofar as the facts are concerned is that Niagara's factual submissions are un-rebutted and establish that it took substantial efforts to avoid a FDCPA

violation in general, and made specific efforts to avoid any violation of the FDCPA concerning answering machine messages.

Because Niagara submitted detailed evidence of having analyzed the FDCPA's requirements concerning answering machine messages and having adopted a policy to attempt to comply with the FDCPA specifically with regard to answering machine messages, Declaration of John Janocsko at ¶¶ 3-24, that creates, at a minimum, a genuine issue of material fact concerning whether the bona fide error defense applies in light of the case law permitting a mistake in the interpretation of the law to constitute a bona fide error.

At this stage, all facts must be construed in favor of Niagara and all inferences drawn in its favor.  Thus, the Magistrate Judge's recommendation should be rejected and summary judgment must be denied.

**III    Niagara Objects to the Recommendation Concerning Damages.**

The Magistrate Judge recommended a $1,000 damage award be entered. Magistrate Recommendation at pp. 22-23.  That is the maximum amount permitted by law.  The sole basis stated by the Magistrate Judge for that recommendation is that Niagara had an answering machine message policy in place, which the Magistrate Judge concluded was based on a misinterpretation of the law.  *Id.* Niagara objects to that recommendation for the following reasons.

First, the existence of the bona fide error defense precludes *any* damage award, as explained above.  The bona fide error defense is a complete defense to liability.  15 U.S.C. § 1692k(c).

Second, the amount of the damage award is excessive.  This case involves a technical violation, at most, and not actual harassment.  The answering machine messages simply asked for a return phone call about an important matter, and contained nothing offensive, derogatory or threatening.  As such, an award of the maximum amount of damages should be rejected in this innocuous situation.

Third, and finally, even if the Court were to rule that the bona fide error defense does not preclude liability, the same facts that support that defense are relevant to assessing an amount of damages.  Plaintiff argues that the "nature of noncompliance" warrants an award of the statutory maximum penalty.  There is more than sufficient evidence of Defendant's procedures and policies intended to avoid violations of the FDCPA, which should mitigate a maximum damage award concerning the "nature of noncompliance" since Niagara made earnest attempts to comply with the FDCPA.  In short, the "nature of noncompliance" is not a factor warranting maximum damages.

The great lengths that Niagara has gone to in order to avoid violations of the FDCPA establish that if any violation occurred, it was unintentional, even if the

conduct was intended.  The specific facts of this situation create a genuine issue of material fact regarding imposing a maximum damage award when one of the factors for assessing damages is "nature of noncompliance."

**IV     Niagara Objects to the Recommendation that the FDCPA Applies to the Answering Machine Messages at Issue.**

The Magistrate Judge recommended that the Court conclude the answering machine message at issue is a "communication," as that term is defined by the FDCPA.   Magistrate Recommendation at pp. 8-12.   Niagara objects to that recommendation and requests a *de novo* review of that point as required by Federal Rule of Civil Procedure 72 for the reasons stated in Niagara's brief opposing summary judgment.  Those reasons include that a message which does not convey any specific information about a debt (e.g., the creditor's name, the amount of debt, where to send payment, what will happen if payment is not made, etc.) is not a "communication" within the scope of the statute.

A request for a return phone call does not run afoul of the statute, which only applies to "communications" expressly included within its scope.  A request for a return phone call also does not implicate the legislative intent to stop abusive practices since the messages in this case were not abusive in any way and merely requested a return phone call.

**V      Niagara Objects to the Recommendation that it Violated 15 U.S.C. §§ 1692d(6) and 1692e(11).**

The Magistrate Judge recommended that the Court conclude the two answering machine messages at issue violated 15 U.S.C. §§ 1692d(6) and 1692e(11).  Magistrate Recommendation at pp. 13-16 (as to section 1692d(6)) and pp. 16-18 (as to section 1692e(11)).  Niagara objects to that recommendation and requests a *de novo* review of that point as required by Federal Rule of Civil Procedure 72 for the reasons stated in Niagara's brief opposing summary judgment.  Those reasons include the absence of any harassing language in the answering machine messages at issue.  Again, the language of the messages does not show any harassment or other conduct prescribed by the FDCPA.

## CONCLUSION

Regardless of whether the Court concludes that any violation of the FDCPA occurred, Niagara has a complete defense under the "bona fide error" defense.  The Magistrate Judge improperly construed the law on that point by recommending that the Court reject the defense on the assumption it could not apply to intentional conduct or when a debt collector acts based on a misinterpretation of what the FDCPA requires.  The Magistrate Judge's recommendation (i) is inconsistent with the express language of the statutory defense, which applies when "the <u>violation</u>

was not intentional" rather than solely when the "conduct" or "act" was not intentional, (ii) is inconsistent with the legislative history which states that "[a] debt collector has no liability…if he violates the act *in any manner, including with regard to the act's coverage,* when such violation is unintentional…," and (iii) is supported solely by case law that draws on an incorrect analogy of the FDCPA to the Truth in Lending Act which expressly states that errors of law are not bona fide errors, whereas the recent court decisions reject that analogy and earlier decisions. Thus, the Magistrate Judge's recommendation should be rejected and summary judgment denied on the issue of the bona fide error defense, regardless of any other ruling.

For the foregoing reasons Niagara prays that this Court reject the Magistrate Judge's recommendations and deny Plaintiff's Motion for Summary Judgment.

## <u>CERTIFICATE OF COMPLIANCE WITH LR 5.1(B) AND 7.1(D)</u>

Pursuant to this Court's Local Rules 5.1(b) and 7.1(d), I certify that this document has been prepared with one of the fonts and point selections approved by the Court in LR 5.1(b), to wit: Times New Roman, 14 point.

This 4th day of November, 2008.

Respectfully submitted,

THOMERSON SPEARS & ROBL LLC

By:   /s/ Michael D. Robl_____
      Michael D. Robl
      Georgia State Bar No. 610905
      Attorney for Defendant

104 Cambridge Avenue
Decatur, Georgia 30030
Telephone:  (404) 373-5153
Facsimile:   (404) 373-5159
E-mail:       mdrobl@tsrlaw.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| BRENDA EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: |
| | ) | 1:07-CV-2396-BBM-CCH |
| NIAGARA CREDIT SOLUTIONS, | ) | |
| INC., a New York Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I am over 18 years of age and that I have served the

foregoing document via the Court's ECF system on:

| | |
|---|---|
| James M. Feagle, Esq.<br>108 East Ponce de Leon Ave.<br>Suite 204<br>Decatur, GA 30030 | Kris Skaar<br>P.O. Box 1478<br>Marietta, GA 30060 |

This 4th day of November, 2008.     By:   /s/ Michael D. Robl_____
                                            Michael D. Robl
                                            Georgia State Bar No. 610905
                                            Attorney for Defendant

104 Cambridge Avenue
Decatur, Georgia 30030
Telephone:  (404) 373-5153
Facsimile:  (404) 373-5159
E-mail:       mdrobl@tsrlaw.com